HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES TYLER HANNON,<br><br>               Plaintiff,<br>  v.<br><br>KORY VERSTEEG, *et al.*<br><br>               Defendants. | No. 2:20-cv-00136-RAJ<br><br>ORDER DENYING DEFAULT JUDGMENT |

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Default Judgment. Dkt. # 16. The Court **DENIES** the motion without prejudice to refiling.

## II.    LEGAL STANDARD

The Court's role in reviewing a motion for default judgment is not ministerial. It must accept all well-pleaded allegations of the complaint as fact, except facts related to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where those facts establish a defendant's liability, the Court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The plaintiff must submit evidence supporting a claim for a particular sum of damages. *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of

ORDER – 1

mathematical calculation," the Court must hold a hearing or otherwise ensure that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

## III. DISCUSSION

During the 2019 summer salmon season, Plaintiff James Tyler Hannon ("Plaintiff") was employed by Defendant Kory Versteeg as a deckhand aboard the F/V Guardian, official number 263616, a fishing vessel with its home port in the Western District of Washington. Dkt. # 1 ¶¶ 4-6. He claims that he was not provided a written employment contract, *id.* ¶ 6, as required by 46 U.S.C § 10601. This statute states that "[b]efore proceeding on a voyage, the owner, charterer, or managing operator . . . of a fishing vessel . . . shall make a fishing agreement in writing with each seaman employed on board." 46 U.S.C § 10601(a). A "seaman" is defined as "an individual . . . engaged or employed in any capacity or on board a vessel." 46 U.S.C. § 10101(3). Plaintiff alleges that he was paid less then verbally agreed upon and was not given an accounting of the catch, in violation of 46 U.S.C. § 10602. Dkt. # 1 ¶ 7. Under this statute, "[w]hen fish caught under an agreement under section 10601 of this title are delivered to the owner of the vessel for processing and are sold, the vessel is liable in rem for the wages and shares of the proceeds of the seamen." 46 U.S.C. § 10602(a).

Section 11107 of the statute provides a remedy for such a situation. It states that if an engagement of a seaman is contrary to federal law, it is void. 46 U.S.C § 11107; *see also Bjornsson v. U.S. Dominator, Inc*., 863 P.2d 235, 238 (Alaska 1993) (holding that "[w]ithout a written contract, [the plaintiff's] employment agreement regarding his services aboard the [fishing vessel] is contrary to law, and thus, void pursuant to section 11107"). The statute provides that "[a] seaman so engaged . . . is entitled to recover the highest rate of wages at the port from which the seaman was engaged or the amount agreed to be given the seaman at the time of engagement, whichever is higher." 46 U.S.C § 11107.

Here, Plaintiff claims he was verbally promised a 12 percent crew share of the

ORDER – 2

catch but only received 7 percent.  Dkt. # 16-1 at 1.  He states that the highest crew share for a similarly situated deckhand out of the port where he was hired is 14 percent.  *Id.* at 2.  However, Plaintiff indicates that he was "not given an accounting of the catch." *Id.* He claims that he is owed an additional $18,000 in wages but fails to provide evidence in support of this amount.  *Id.*

On January 7, 2021, the Court ordered Plaintiff to provide supplemental information in support of the alleged amount owed no later than January 14, 2021.  Dkt. # 19.  Plaintiff's counsel replied on January 13, 2021, noting that he was unable to locate Plaintiff and presumed that Plaintiff is out fishing.  Dkt. # 20 at 1.  Plaintiff's counsel stated the following:

> Without an accounting, Mr. Hannon's best estimate is that the F/V Guardian sold her catch of salmon during the 2019 summer season for approximately $400,000.  Less vessel expenses and the $10,000 he was given at the end of the salmon season; Mr. Hannon's best estimate is $18,000 due and owing at a 14% crew-share. If anything, that is a conservative estimate.

*Id.* at 2.

This declaration is insufficient to establish the amount owed.  In the absence of evidence supporting the calculation for the sum requested, the Court is unable to determine whether the sum is appropriate.  The Court must thereby deny the motion.

## IV.   CONCLUSION

The court **DENIES** Plaintiffs' motion for default judgment for the reasons stated above.  This ruling is without prejudice to a renewed motion for default judgment that addresses the concerns the court raised in this order.

DATED this 13th day of January, 2021.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 3