HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES TYLER HANNON,

        Plaintiff,

  v.

KORY VERSTEEG, *et al.*,

        Defendants.

Case No. 2:20-cv-00136- RAJ

ORDER

## I.    INTRODUCTION

This matter comes before the Court on Defendant Kory Versteeg's Motion to Set Aside Default Judgment and to Dismiss for Lack of Personal Jurisdiction and for Attorney Fees. Dkt. # 27. Plaintiff James Tyler Hannon opposes the motion but notes

ORDER – 1

that he would stipulate to transfer the case to the District of Alaska pursuant to 28 U.S.C. § 1406, should the Court fail to find sufficient contacts to establish personal jurisdiction. Dkt. # 29. For the reasons below, the Court **GRANTS in part** the motion by setting aside default judgment. The Court **DENIES** the motion to dismiss and, instead, transfers the case to the District of Alaska. Finally, the Court **DENIES** attorney's fees.

## II.    BACKGROUND

On January 28, 2020, Plaintiff filed a complaint in this Court against Kory Versteeg and F/V Guardian, a fishing vessel, ("Defendants") alleging that Plaintiff, as a deckhand aboard the F/V Guardian for the 2019 Bristol Bay and Southeast Alaska summer salmon season, was not given a written employment contract in violation of 46 U.S.C. §10601, was paid less than the crewshare verbally agreed upon, and was not given an accounting of the catch as required under 46 U.S.C. §10602. Dkt. # 1 ¶¶ 6-7. Mr. Versteeg did not file a response. On August 12, 2020, Mr. Versteeg was declared in default for failure to plead, answer, or otherwise defend within 21 days of service of the Summons and Complaint. Dkt. # 15. After initially denying a motion for default judgment for failure to provide evidence supporting a claim for a particular sum, Dkt. # 21, the Court later granted default judgment in the amount of $27,425.40 in wages, wages penalties, and attorney's fees, Dkt. # 24.

Nearly two years later after the complaint was filed, on December 17, 2021, Mr. Versteeg filed the pending motion to set aside the default judgment entered against him. Dkt. # 27. He claims that the Court lacks personal jurisdiction over him and that he is entitled to reimbursement "for the expense of asserting a jurisdictional defense in Washington." Dkt. # 27 at 2. The Court will address each issue in turn.

## III.    DISCUSSION

**A.    Default Judgment**

It is undisputed that Plaintiff is a resident of Oregon and Mr. Versteeg is a resident of Alaska. Dkt. # 1 ¶ 2; Dkt. # 27 at 2. In his complaint, Plaintiff alleged that

ORDER – 2

Defendants do business in King County, Washington, and that the F/V Guardian is a fishing vessel whose home port is in the Western District of Washington "or will be found in the Western District of Washington during the pending of this action." Dkt. # 1 ¶¶ 2. 4.  Mr. Versteeg failed to respond to this complaint to dispute any of the allegations or move to transfer the case.  Consequently, when reviewing the motion for default judgment, the Court accepted all well-pleaded allegations of the complaint as fact, except those related to the amount of damages.  *See* Dkt. # 21 (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)).

Now, Mr. Versteeg asserts that the Court lacks personal jurisdiction over him because the vessel operates exclusively in Alaska waters and has done so since Mr. Versteeg purchased the vessel.  Dkt. # 27 at 2.  Mr. Versteeg claims that he has limited personal or professional connections in Washington and no contacts arising from Plaintiff's wage claim against him.  *Id.*  In his response, Plaintiff alleges that Mr. Versteeg has the following contacts in Washington: (1) Mr. Versteeg is represented by an insurance adjuster who is based in Seattle; (2) Mr. Versteeg "believes" he has a tax accountant in Washington; (3) Mr. Versteeg purchased the F/V Guardian in Washington; and (4) his "ex-girlfriend" and mother of his children lives in the state.  Dkt. # 29 at 2-3.

If a court lacks personal jurisdiction over the parties, a default judgment is void. *See Thomas P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*, 614 F.2d 1247, 1255 (9th Cir. 1980).  A court may exercise personal jurisdiction through "general or all-purpose jurisdiction, and specific or conduct-linked jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014).  Because it is undisputed that Mr. Versteeg is domiciled in Alaska and not in Washington, there is no general personal jurisdiction over Mr. Versteeg.  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (holding that "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile").  Plaintiff does not proffer any support for his

ORDER – 3

statement that Defendants "do business in King County, Washington," and Mr. Versteeg has confirmed that the F/V Guardian only operates in Alaska waters.

With respect to specific personal jurisdiction, the Court finds that Defendants' contacts are similarly insufficient. As relevant here, Washington's long-arm statute, RCW 4.28.185, extends personal jurisdiction over any person, whether a resident or non-resident, "to the jurisdiction of the courts of this state as to any cause of action arising from . . . [t]he transaction of any business within this state." RCW 4.28.185(1). "The mere execution of a contract with a resident of the forum state does not alone automatically fulfill the 'purposeful act'" required to establish specific personal jurisdiction. *MBM Fisheries, Inc. v. Bollinger Mach. Shop & Shipyard, Inc.,* 804 P.2d 627, 633 (Wash. App. 1991).

Here, Plaintiff's wage claim focuses solely on his work in Alaska waters on a ship that operates exclusively in Alaska, owned by Mr. Versteeg, an Alaska-based fishing captain whose business revenues are held in Alaska banks and who does not bring the vessel to Washington for service. Dkt. # 27 at 6-7. The wage claim—the only cause of action—does not "aris[e] from" Mr. Versteeg's alleged business transaction or "contacts" in Washington, which include his ex-girlfriend, insurance adjuster, and tax accountant. Such contacts are unrelated to the cause of action and do not constitute sufficient minimum contacts for general personal jurisdiction nor specific personal jurisdiction.

For these reasons, the Court finds that it lacks personal jurisdiction over Defendants and, therefore, sets aside the default judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). *See* 614 F.2d at 1255. Both parties recognize, and the Court agrees, that the action may be properly filed in the District of Alaska, wherein the wage dispute arose. *See* 28 U.S.C. § 1406. The Court thus transfers the action to the District of Alaska.

**B.    Attorney's Fees**

ORDER – 4

Mr. Versteeg contends that he is entitled to attorney's fees pursuant to RCW 4.28.185, which provides the following:

> In the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees.

RCW 4.28.185(5).

The Court finds that attorney's fees are not appropriate here. First, the Court finds that the instant action seeking wages is "neither frivolous nor brought to harass." *O.B. Williams Co. v. S.A. Bendheim W., Inc.*, No. C08-1155JLR, 2010 WL 3430404, at *3 (W.D. Wash. Aug. 30, 2010). Second, the Court finds that Defendants would have "incurred fees to defend against the merits of the lawsuit regardless of where the lawsuit was filed." *Id.* As Mr. Versteeg noted, he intentionally did not appear in the action filed before this Court because "he expected a suit would be filed in his own state of Alaska." *Id.* Despite having received the summons and complaint, he failed to submit a declaration clarifying his limited contacts in Washington or correcting Plaintiff's misstatement that Mr. Versteeg's fishing vessel did not operate or have its home port in the Western District of Washington. Because Mr. Versteeg did not have to pay counsel to appear in Washington or incur any additional costs to defend the merits of the case in Washington and because he would not have incurred costs for the pending motion were it not for his failure to respond in a timely fashion, the Court **DENIES** the motion for attorney's fees.

### IV.   CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

(1) Defendants' request to set aside the default judgment is **GRANTED**;

ORDER – 5

(2) The case will be **TRANSFERRED** to the District of Alaska; and

(3) Defendants' request for attorney's fees is **DENIED**.  Dkt. # 27.

Dated this 8th day of June, 2022.

The Honorable Richard A. Jones
United States District Judge

ORDER – 6